# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| THE MUHLER COMPANY, INC., ) | |
| ) | No. 2:11-cv-00851-DCN |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| WINDOW WORLD OF N. ) | |
| CHARLESTON LLC, and STATE FARM ) | |
| FIRE & CASUALTY CO., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on: (1) defendant State Farm Fire & Casualty Co.'s ("State Farm") motion to strike, or in the alternative, to dismiss the amended complaint and third-party complaint filed by plaintiff The Muhler Company ("Muhler") and third-party plaintiff Window World of North Charleston ("WWNC"); and (2) State Farm's motion to reconsider the court's September 27, 2016 order ("September 2016 order") granting Muhler's motion for assignment and to amend the complaint, ECF No. 130. For the reasons set forth below, the court (1) grants the motion to strike; and (2) grants the motion to reconsider.

## I. BACKGROUND

Muhler and WWNC were direct competitors in the business of supplying and installing replacement windows in Charleston County, South Carolina, and in neighboring coastal counties. WWNC advertised through its website and other media that it adhered to the "strictest industry standards" in the conduct of its replacement window installation services. It advertised that it provided the "best for less" and that it

1

was "lead certified." These representations were aimed at and reached consumers in the market. Similarly, Muhler advertised in the market that it "strives to exceed customer expectations by offering the highest level of service and value," that it "complies with industry standards," and that it is a "certified lead renovator."

Muhler filed a complaint against WWNC in state court on March 11, 2011. WWNC removed the case to federal court on April 11, 2011. Muhler filed an amended complaint asserting three causes of action against WWNC: (1) false and misleading advertising violation of the Lanham Act; (2) common law unfair competition; and (3) violation of the South Carolina Unfair Trade Practices Act. On August 28, 2014, the court granted Muhler's motion for default judgment against WWNC in the amount of $258,851.67 in actual damages, $2,866,358.50 in disgorgement of profits, $118,600 in attorneys' fees, and $7,506.09 in costs. ECF No. 118. On December 9, 2015, the court ordered WWNC to appear for an examination to determine what assets WWNC had to satisfy the default judgment. ECF No. 125. On August 1, 2016, Muhler moved to amend the complaint to add WWNC's commercial general liability insurer, State Farm Fire & Casualty Co. ("State Farm"), as a party and assign WWNC's claims against State Farm to Muhler. ECF No. 127. On September 27, 2016, with no responsive pleadings filed against Muhler's motion to amend, the court granted Muhler's motion for assignment and to amend the complaint. ECF No. 130. As a result of this order, all claims that WWNC had against State Farm were transferred to Muhler in partial satisfaction of the default judgment against WWNC. ECF No. 130.

On November 4, 2016, Muhler and WWNC filed a third-party complaint against State Farm, alleging claims for bad faith, breach of contract, and declaratory judgment.

ECF No. 132.  This third-party complaint was premised on State Farm's initial determination that there was coverage under WWNC's commercial general liability policy (the "policy") and subsequent refusal to defend or indemnify WWNC.  ECF No. 132 at 1.  On December 27, 2016, State Farm filed a motion to strike or in the alternative to dismiss the third-party complaint, and for the court to reconsider its September 2016 order granting Muhler's motion for assignment and to amend.  ECF No. 135.  Muhler filed a response on January 20, 2017, ECF No. 138, to which State Farm replied on February 6, 2017, ECF No. 143.  The motion has been fully briefed and is now ripe for the court's review.

## II.   STANDARDS

### A.   Motion to Strike

Rule 12(f) of the Federal Rules of Civil Procedure provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'"  Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380 (2d ed.1990)).

### B.   Motion to Dismiss

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint."  Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) ("A motion to dismiss under Rule 12(b)(6) . . .

does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept all well-pleaded allegations as true and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Labs., Inc., 7 F.3d at 1134.

### C.     Motion to Reconsider

Rule 54(b) states, in relevant part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

A "judgment," as used in Rule 54, "includes a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). A motion brought under Rule 54(b) is judged by similar standards as a motion brought under Rule 59(e), which may only be granted for the following reasons: "(1) to accommodate an intervening change in controlling l aw; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Grayson Consulting, Inc. v. Cathcart, No. 2:07-cv-00593-DCN, 2014 WL 587756, at *1 (D.S.C. Feb. 14, 2014) (quoting Pac. Ins. Co. v. Am. Nat'l

Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998)); Slep-Tone Entm't Corp. v. Garner, 2011 WL 6370364, at *1 (W.D.N.C. Dec. 20, 2011).

### III.   DISCUSSION

#### A.   Motion to Strike

The third-party complaint against State Farm appears to stem from Muhler's desire to collect on the August 28, 2014 default judgment that the court issued against WWNC in the amount of $258,851.67 in actual damages, $2,866,358.50 in disgorgement of profits, $118,600 in attorneys' fees, and $7,506.09 in costs.  ECF No. 119.  Having determined in the December 9, 2015 court-ordered examination of WWNC, ECF No. 125, that WWNC did not have the assets to pay the default judgment, Muhler filed the third-party complaint to determine if it could collect actual, consequential, and punitive damages from State Farm, the issuer of WWNC's Policy.  ECF No. 132 at 2.  For a number of reasons, the filing of this third-party complaint was improper.  WWNC, as a party in default, does not have standing to file the third-party complaint, and even if it did a post-judgment motion to amend cannot be granted "unless the judgment is vacated." Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006).

As an initial matter, WWNC is a party in default yet filed the third-party complaint as a "third party plaintiff."  ECF No. 132 at 1.  Without an order setting aside the default judgment against WWNC—which the court has not even considered, let alone granted—WWNC does not have standing to file the third-party complaint against State Farm.  See Hartford Fire Ins. Co. v. Sundeck Transp. Grp., Inc., No. 2:10-cv-191, 2011 WL 2938466, at *2 (E.D. Va. June 29, 2011) ("The general effect of the entry of default under Rule 55(a) is that the defaulting party loses his standing in court, his right to

receive notice of the proceedings, and his right to present evidence at the final hearing."). Muhler dismisses the standing argument as one that "makes much of little." ECF No. 138. Not so. Standing is a justiciability doctrine that is deeply rooted in the Article III "case or controversy" requirement for federal courts—it is the threshold question in every federal case. Warth v. Seldin, 422 U.S. 490, 498 (1975). Without determining that each party before it has standing to be there, the court may not proceed to the merits of the dispute. Barrows v. Jackson, 346 U.S. 249, 255—256 (1953). Since WWNC does not have standing, it cannot bring this third-party claim.

Next, a post-judgment Rule 15 motion cannot be granted "unless the judgment is vacated" pursuant to Rule 59(e) or 60(b). Laber, 438 F.3d at 427. The default judgment against WWNC has not been vacated. In DuBuit v. Harwell Enters., Inc., 540 F.2d 690, 692 (4th Cir. 1976), the Fourth Circuit denied a post-judgment motion to amend where "the final order of the court disposed of all of the issues between these two plaintiffs and the defendants, and . . . no appeals were taken the judgment became a finality and terminated the case as to them." This is precisely the scenario here—the default judgment against WWNC terminated the case as to Muhler and WWNC. Under these circumstances, the case could only be reopened or the order revised under the provisions of Rule 59 or 60, for which Muhler has not yet moved.[1] In Calvary Christian Ctr. v. City of Fredricksburg, Va., 710 F.3d 536, 540 (4th Cir. 2013), the Fourth Circuit held that where the judgment was not yet vacated the plaintiff could not prevail on a motion to amend. Instead, the Calvary Christian court ruled that the plaintiff could only proceed

---

[1] Given that the default judgment against WWNC is the basis of the third-party action against State Farm, Muhler would have no practicable reason to set aside the final judgment that the court issued.

post-judgment with a different complaint that commenced a new action. Id. While Muhler has technically prevailed in its motion to amend, the court's September's 2016 order granting the motion is a short text order that granted Muhler's motion to amend based in part on the fact that no responses were filed. Of course, WWNC, as a party in default, could not file a response and State Farm was not yet a party to the proceeding, so it could not file a response either. Since the Fourth Circuit has clearly held that a party may only amend its pleading post-judgment after the judgment has been set aside, and the default judgment against WWNC has yet to be set aside, Muhler may not amend its pleading and the third-party complaint must be struck.

Finally, State Farm argues that under Federal Rule of Civil Procedure 14(b), Muhler cannot bring a third-party action against State Farm because it had no causes of action asserted against it. ECF No. 135 at 2. Rule 14(b) allows a plaintiff to bring in a third party when "a claim is asserted against [the] plaintiff." Fed. R. Civ. P. 14. Muhler has no claim asserted against it in this action, and so has no ability to bring a third-party action under Rule 14.

The August 28, 2014 order granting Muhler default judgment against WWNC terminated the case—a case that was filed in 2011. Should Muhler wish to bring an insurance coverage claim against State Farm, it must file a separate action. An improper supplemental pleading is not a vehicle to bring that insurance coverage claim. Accordingly, the court strikes the third-party complaint as improper.[2]

---

[2] Muhler devotes a considerable portion of its briefing on this matter to the court's "inherent power," urging it to control the disposition of the case keeping judicial efficiency in mind. ECF No. 138 at 4. While the court may have discretion in docket

B.     **Motion to Reconsider**

A review of the court's September 2016 order granting Muhler's motion for assignment and to amend complaint to sue State Farm demonstrates that no responses were filed in opposition. ECF No. 130. Now that the arguments regarding the propriety of the third-party complaint have been fully fleshed out—and given that the court has already ruled to strike the third-party complaint as improper—the court grants State Farm's motion to reconsider.

IV.   **CONCLUSION**

For the reasons set forth above, the court **GRANTS** State Farm's motion to strike the third-party complaint and **GRANTS** State Farm's motion to reconsider the September 2016 order.

**AND IT IS SO ORDERED**.

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**March 10, 2017**
**Charleston, South Carolina**

---

control, the rules of civil procedure and doctrines of justiciability are not discretionary—that is why they are called "rules" and not "guidelines" or "suggestions."